**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| GAVATA S. KING, | * | |
| Petitioner | * | |
| v | * | Civil Action No. ELH-14-2634 |
| DAVID BLUMBERG, et al., | * | |
| Respondents | * | |

**MEMORANDUM**

Gavata S. King, a Maryland prisoner who is self-represented, filed a petition for writ of habeas corpus on August 18, 2014, pursuant to 28 U.S.C. § 2241.  ECF No. 1.  She challenges the denial of parole following a hearing in October 2012 and subsequent review in 2014.  *Id.*  The petition is supported by exhibits.  Respondent, David Blumberg, Chairman of the Maryland Parole Commission, has filed an answer in which he asks the Court to dismiss the petition.  ECF No. 6.  Respondent claims that King has previously raised the identical issues in this Court (*see King v. Blumberg*, Civil Action No. ELH-13-3750 D. Md.), and also argues that the claims are not cognizable in federal court.  *Id.*  Petitioner has filed a reply.  ECF No. 11.

No hearing is necessary to resolve the matter.  *See* Local Rule 105.6.  For the reasons that follow, I shall dismiss the case.

**Background**

King has been incarcerated since December 2008 and has a current release date of 2019. ECF No. 1 ¶ 18.  She complains that Maryland law and regulations concerning parole were not fairly applied to her.  ECF No. 1.  As in her previous filings with this court, King indicates that she was denied parole based upon her "criminal history" which, according to King, is not a

1

"sole" determining factor under Md. Code, § 7-305 of the Correctional Services Article. ECF No. 1 ¶ 5. According to King, it is just one of eleven factors for consideration, and all other factors are favorable to her. ECF No. 1 ¶¶ 5, 6. She also points out that her "history will never change." *Id.* ¶ 14.

King asserts that, after her denial, she wrote to the Commission seeking reconsideration for parole and was advised that, per Commission policy #089-002, she will be reconsidered for parole after two years. ECF No. 1-2. King notes that Code of Maryland Regulations ("COMAR") 12.08.01.23B states that parole may be considered "at any time." ECF 1-2 at 18. She takes issue with the Commission's policy of reconsidering parole only every two years, and notes an apparent error in a Commission policy statement indicating parole reconsideration will occur biannually, *i.e.*, twice a year, and not every two years. ECF No. 1; ECF No. 1-2 at 16-17.

Notably, King asserts that the Commission agreed with her claim of misinterpretation, and again reviewed her file on June 5, 2014. ECF No. 1 ¶¶ 13, 14. However, without a hearing, she was again denied parole. *Id.* ¶ 14. And, King has been told that she is not eligible for reconsideration until October 2016. *Id.* Although not clear from her initial pleading, King clarifies in her reply that as relief, she requests a new parole hearing. ECF No. 11 at 2.

### Discussion

By virtue of a valid criminal conviction and subsequent, legal confinement, a prisoner loses her expectation of liberty. *See Meachum v. Fano*, 427 U.S. 215, 224 (1976). The Constitution itself does not create a protected liberty interest in the expectation of early release on parole. *Greenholtz v. Inmates of Nebraska Penal & Correctional Complex*, 442 U. S. 1, 7 (1979); *see also Jago v. Van Curen*, 454 U. S. 14, 18 (1981) (mutually explicit understanding that inmate would be paroled does not create liberty interest). The Supreme Court has said:

"There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz*, 442 U.S. at 7; *see Burnette v. Faye*, 687 F.3d 171 (4th Cir. 2012). Therefore, where a prisoner has no protected liberty interest in parole, she cannot establish a due process violation. *See Bryant v. Maryland,* 848 F.2d 492, 493 (4th Cir. 1988) (noting that "the Maryland parole statute does not create a legitimate expectation of parole release"); *McLaughlin-Cox v. Maryland Parole Com'n*, 200 Md. App. 115, 24 A.3d 235 (2011) (concluding that Maryland statutory scheme governing Maryland Parole Commission's consideration of parole did not create a liberty interest protected by due process).

As in King's previous filing, the only claims presented by King are allegations that the Maryland Parole Commission improperly applied Maryland law and regulations when considering both her eligibility for parole and her entitlement to reconsideration of parole eligibility.[1] Such claims are not cognizable in federal court.

Moreover, King has no absolute entitlement to appeal a federal district court's denial of her habeas corpus request. *See* 28 U.S.C. § 2253(c)(1). A certificate of appealability is not warranted here, as it may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (citation and internal quotation marks omitted), or that "the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Because this court finds that there has been no substantial showing of the denial of a constitutional right, a certificate of appealability shall be denied. *See* 28 U. S.C.§ 2253(c)(2).

---

[1] King notes that her first petition for habeas relief was denied by the Circuit Court for Anne Arundel County. ECF No. 11.

**Conclusion**

For the foregoing reasons, King's request for habeas corpus relief shall be denied and the case shall be dismissed. Because King has failed to demonstrate entitlement to a certificate of appealability in the instant case, a certificate of appealability shall not issue and the Clerk shall be directed to close this case.

An Order follows.

<u>June 10, 2015</u>  _____/s/_____
Date  Ellen L. Hollander
United States District Judge